[No. 11974. Department One. — May 31, 1889.]

# ANTOINE BOREL, RESPONDENT, *v.* LENA KAP-PELER ET AL., APPELLANTS.

MORTGAGE — APPLICATION OF RENTS AND PROFITS — ESTOPPEL OF PRIOR MORTGAGOR. — A mortgage containing a covenant that in case of default the mortgagee may enter and collect and apply the rents and profits to the indebtedness does not bind the mortgagee to collect and apply the rents; and when a second mortgage to the same mortgagee is made by one of the first mortgagors, upon his interest in the same premises, at the request of the other mortgagor, conferring on the mortgagee an immediate right to collect all rents and profits, and apply the net proceeds, after deducting a commission for collection, and all taxes, assessments, and insurance, towards the discharge of the second mortgage, the terms of the first mortgage are not violated by compliance of the mortgagee with the terms of the second mortgage, and if such application is made, and is known and consented to by the other mortgagor, who joined in the first mortgage, he is estopped from contesting the same.

ID. — OPTION TO MORTGAGEE TO PURCHASE — COST OF BUILDING — CREDIT ON MORTGAGE — FINDINGS. — When a mortgage gives the mortgagee an option to purchase a third interest in a lease owned by the mortgagors, by paying one third of the cost of the building mortgaged, and such option to purchase was exercised, a direct issue as to whether the proper credit was given on the mortgage on account of the purchase is material, and a failure to find thereon is ground for reversal of a decree foreclosing the mortgage. If the complaint alleges the cost of the building, a finding that a credit for less than one third the cost alleged was made on the mortgage by agreement does not show a sufficient credit, and the judgment is erroneous as to the difference and interest thereon.

ID. — ASCERTAINING AMOUNT DUE — APPEAL — ERROR NOT APPEARING. — When the record on appeal does not show affirmatively that certain items objected to as improperly included in arriving at the amount due on the mortgages in suit were in fact so included, the appellate court cannot enter upon an inquiry as to such items.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco.

The action was brought to foreclose both the mortgages described in the opinion of the court. The facts in controversy are stated in the opinion of the court.

*N. B. Mulville*, and *E. D. Sawyer*, for Appellants.

The first mortgage, being the joint act of Scheerer and Kappeler, could only be changed by their joint specific

consent in writing. (*Demick* v. *Cuddihy*, 72 Cal. 110.) There is no finding on the issue as to whether credit was given on the mortgage for the full consideration of the one-third interest. Items for note, deficit of rents, and Mrs. Kappeler's rent, amounting to four thousand or five thousand dollars, being no part of the mortgage debt, should not have been allowed. Where the facts are of record, the appellate court may inquire into the regularity of the proceedings on appeal from the judgment. (*Heinlen* v. *Heilbron*, 71 Cal. 557.)

*Sidney V. Smith*, for Respondent.

The right of entry given by the first mortgage was a mere privilege, and imposed no obligation on the mortgagee. The two mortgages were properly foreclosed together. (*Bostwick* v. *McEvoy*, 62 Cal. 496.) The issues were sufficiently passed upon by the finding as to the amount unpaid on the mortgage. It was competent for the parties to alter their agreement as to the price of the one-third interest, and the assignment of the third interest in consideration of the credit given is binding unless assailed for fraud. There being no statement in the transcript, the record does not show any error in allowing the items of account.

WORKS, J. — The appellant Joseph Scheerer was the owner of a leasehold interest in a lot of land, and the owner of the buildings thereon, and he and Lawrence Kappeler, the decedent of the other appellants, were the owners of a leasehold interest in a certain other lot of land, and the said Kappeler was the owner of certain personal property. They joined in a mortgage on all of this property, real and personal, to the respondent, to secure him for money to be advanced by him and used to construct a building on the lot held by said parties jointly.

The respondent advanced under the mortgage, as found

by the court, the sum of $52,512.89. The appellant
Scheerer, after the execution of the mortgage above
mentioned, gave his own mortgage to the respondent on
both of said lots of real estate for the sum of fifteen
thousand dollars.

The joint mortgage of Scheerer and Kappeler con-
tained this clause:—

"Said Scheerer and Kappeler agree that out of the
rents derived from the lease first above mentioned, there
shall be paid to said Borel, from and after the 1st of
January, 1877, and from thence until all the moneys due
under this agreement are paid, the sum of three hundred
dollars per month, in said gold coin, on account of the
indebtedness secured thereby, *and that in case of any de-
fault in such payment, said Borel shall have the right to
enter upon the premises described in such lease, and to de-
mand all rents due said Scheerer and Kappeler, or either of
them, and to apply the same to the satisfaction of such in-
debtedness.*"

The second mortgage, given by Scheerer alone, con-
tains this covenant:—

"That during the continuance of said mortgage the
plaintiff *shall have the right to collect all rents of the build-
ings erected on said land, and to apply the same, after a de-
duction of a commission of two and a half per cent for col-
lection, to the payment of all interest due plaintiff, and of all
sums paid by the plaintiff for rent of said land under said
lease, or taxes, or assessments, or insurance, as aforesaid, and
then, at his option, in reduction of the principal amount of
said note.*"

The complaint contains the following allegation:—

"That at the time of the execution of said mortgage of
Scheerer to plaintiff, said Kappeler was fully aware of all
its provisions and of the facts of its execution, and that
said fifteen thousand dollars was lent to said Scheerer by
plaintiff, and said mortgage given by said Scheerer to
plaintiff at said Kappeler's express request and for said

Kappeler's benefit, and that it was then fully understood and agreed between said Kappeler and plaintiff that the plaintiff should receive all rents of said buildings and apply them as in said mortgage provided, and that from that time until his death said Kappeler was fully aware that plaintiff was receiving said rents, and was applying them as in said Scheerer's mortgage provided, and fully assented thereto."

And the court finds as follows:—

"That at the time of the execution of said mortgage of Scheerer to plaintiff, said Kappeler was fully aware of all its provisions, and of the fact of its execution, and that said fifteen thousand dollars was lent to said Scheerer by plaintiff, and said mortgage given by said Scheerer to plaintiff, at said Kappeler's express request, and for said Kappeler's benefit, and that from that time until his death said Kappeler was fully aware that plaintiff was receiving said rents, and was applying them as in said Scheerer's mortgage provided."

It was also provided in said first mortgage that respondent should have the privilege of buying an undivided one-third interest in the lease owned by said parties, by paying one third of the cost of the building thereon. The court finds that he elected to buy said one-third interest, and under an agreement between the parties gave the mortgagors credit on the first mortgage for the sum of $17,504.30. After the execution of the second mortgage by Scheerer, the respondent applied the rents collected by him to the payment of said second mortgage alone.

The court below rendered a decree foreclosing both mortgages, allowing the credits, for rents collected, on the separate mortgage of Scheerer.

The defendants appeal.

The main contention of the appellants is, that under the covenants in the two mortgages the rents collected should have been applied by the court to the joint mort-

gage of the parties, which would, with other payments, have fully satisfied the same. We cannot agree with counsel as to the construction to be placed upon the covenants in the two mortgages. The first did not bind the mortgagee to collect and apply the rents. He was authorized to do so upon failure of the mortgagor to make the payments called for. Independent of the second mortgage, he could have sued and collected the amount due on the first mortgage without attempting to collect or apply the rents. Therefore, when he collected and applied the rents to the second mortgage he did not violate the terms of the first or deprive the appellants of any of their rights thereunder. Beside, it was expressly alleged in the complaint, and found by the court, that the application of the rents was made with the knowledge and consent of Kappeler, which should estop the appellants from contesting the right of the mortgagee to so apply the same.

Again, it is contended that the amount for which the respondent gave credit on the first mortgage, on account of his purchase of a one-third interest in the property, was less than it should have been. This is placed upon the assumption that the amount to be credited was by the terms of the mortgage to have been one third of the cost of the building, and that the cost of the building was $59,534. The complaint shows the cost of the building to have been $59,534, and the question whether the proper credit was given was directly put in issue by the answer. The court fails to make any finding on this issue, and for this failure the cause will have to be reversed. If the building cost the amount shown by the complaint, the credit given by the respondent, on account of his purchase of the one-third interest in the property, was too small; and the judgment, so far as it includes the difference between the one third of the amount credited and the amount he should have given credit for, and the interest thereon, is erroneous.

It is claimed that certain items were improperly included in arriving at the amount due on the mortgages. But we cannot enter upon this inquiry in the absence of the evidence, as the record does not affirmatively show that such items were included, or that the amount found was not the actual amount due, independent of such items, except as above stated.

Judgment reversed and cause remanded.

BEATTY, C. J., and PATERSON, J., concurred.